1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NICOLE S.,

                          Plaintiff,

          v.

COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

Case No. C23-0218 RSM

**ORDER AFFIRMING AND
DISMISSING THE CASE**

13      Plaintiff seeks review of the denial of her application for disability insurance benefits.

14  Plaintiff contends the ALJ erred by rejecting her symptom testimony and Dr. Yuen's medical

15  opinion.  Dkt. 6.  As discussed below, the Court **AFFIRMS** the Commissioner's final decision

16  and **DISMISSES** the matter with prejudice.

17                          **BACKGROUND**

18      Plaintiff is 44 years old and has worked as a media planner.  Admin. Record (AR) 25.

19  68–69, 79, 82–83, 94.  In October 2019, Plaintiff applied for benefits alleging disability as of

20  January 22, 2019.  AR 16, 68–69, 82–83.  Plaintiff meets the insured requirements through

21  December 31, 2023.  Therefore, the relevant period is from Plaintiff's alleged onset date of

22  January 22, 2019, through December 31, 2023.  AR 18.  Plaintiff's application was denied

23  initially and on reconsideration.  AR 79, 94.  After the ALJ conducted a hearing in November

ORDER AFFIRMING AND DISMISSING
THE CASE - 1

2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 13–66.

**DISCUSSION**

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the ALJ's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.    Plaintiff's Symptom Testimony

Plaintiff testified she is unable to work because of fatigue and overall joint pain, including in her knees, wrists, shoulder, and hands.  AR 41–57.  She also stated her pain interferes with her ability to concentrate and focus.  AR 43–46.  She stated that due to her pain, she cannot sit or stand for extended periods of time. AR 49, 346.

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence.  *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).  "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince."  *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ primarily rejected Plaintiff's testimony because "the objective evidence strongly suggests that her condition is less limiting than alleged."  AR 23.  "Contradiction with the

medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).  Here, the ALJ cited to Plaintiff's physical examination results, specifically her good range of motion in her joints, lack of tenderness in her joints, normal muscle bulk, and normal gait.  AR 22–23 (citing AR 529, 594, 601, 606–07, 613–14, 619–20, 624–25, 628–29, 655, 701, 1305, 1352–54).  The ALJ's citation to these records is unavailing considering Plaintiff's fibromyalgia—which relies on a claimant's reports of pain and other symptoms—and the record, including the same treatment notes cited by the ALJ, shows Plaintiff continuously reported joint pain and fatigue.  *See Revels v. Berryhill*, 874 F.3d 648, 666 (9th Cir. 2017) (finding the ALJ erred in discounting a claimant's testimony of pain by citing to medical records showing claimant exhibited normal muscle strength, tone, stability, and range of motion).

However, the ALJ also noted Plaintiff responded well to her medication during the relevant period, resulting in improvement in her joint pain, fatigue, and inability to focus.  AR 592 ("Broad constellation of symptoms responded to prednisone . . ."), 598 ("She noticed dramatic improvement in joint pains and resolution of joint pains on prednisone"), 604, 616, 1356 ("[Adderall] has made a significant positive response with brain fog and fatigue."), 1528 ("She says she is close to 90% function when taking Adderall and she is able to push through her fatigue.").  The ALJ also noted Plaintiff's reports of recurring pain while on medication were due to lowered dosages.  AR 598, 604, 616, 1352.  Additionally, the ALJ highlighted results from Plaintiff's cognitive testing.  AR 23.  In one session, Plaintiff reported difficulties with attention, recall, and stuttering, but Plaintiff nonetheless performed "within or above average on testing," she was "not observed to demonstrated disfluency or word finding difficulties."  AR 1529. Plaintiff's performance in a second test was in the "normal range and as such, [did] not raise

significant validity concerns regarding her cognitive findings." AR 1553–54.  To further address

her problems with pain interfering with functioning, Plaintiff was recommended medication.  AR

1554.  "Impairments that can be controlled effectively with medication are not disabling for the

purpose of determining eligibility for [social security disability] benefits."  *Warre ex rel. E.T. IV*

*v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

Plaintiff argues her improvement from medication is not sustainable as it has an adverse

effect on her body, yet points to nowhere in her record, outside of her testimony, to support this

assertion.  Dkt. 10 at 3.  Plaintiff also argues that even under medication, her focus was rated

low.  *Id*.  However, the rating Plaintiff references was her own subjective rating.  AR 1529.  In

contrast, the results of the cognitive assessments show Plaintiff "performed within or above

average."  *Id*.

Treatment notes showing Plaintiff's pain improved from medication and her normal

neurocognitive results undermined Plaintiff's statements about the severity and limiting effects

of her symptoms.  Given these records, the ALJ could reasonably reject Plaintiff's testimony.

Further, because the ALJ provided at least one valid reason, supported by substantial evidence,

to do so, any erroneous reasons provided by the ALJ are rendered harmless.  *See Carmickle*, 533

F.3d at 1162 (including an erroneous reason among other reasons to discount a claimant's

credibility does not negate the validity of the overall credibility determination and is at most

harmless error where an ALJ provides other reasons that are supported by substantial evidence).

**2.      Dr. Yuen**

Dr. Yuen completed a residual functional capacity report in November 2021 and opined

that Plaintiff meets the diagnosis criteria for lupus.  AR 1569–76.  Dr. Yuen indicated Plaintiff's

symptoms include abdominal pain, fatigue, shortness of breath, headache, nausea, trouble

sleeping, and arthralgia in her hands, wrists, elbows, and knees.  Based on Plaintiff's impairment,

Dr. Yuen opined Plaintiff could occasionally lift and carry five pounds, would need to take

unscheduled breaks to rest every hour, and would be absent for work more than three days per

month.  AR 24.

ALJs must consider the persuasiveness of medical opinions by considering

their supportability, consistency, relationship with the claimant, specialization, and other factors.

20 C.F.R. § 404.1520c(c).  The ALJ is specifically required to consider the two most important

factors, supportability and consistency.  20 C.F.R. § 404.1520c(a).  The supportability factor

requires the ALJ to consider the relevance of the objective medical evidence and

the supporting explanations presented by the medical source to justify their opinion.  20 C.F.R. §

404.1520c(c)(1).  The consistency factor involves consideration of how consistent a medical

opinion is with the other record evidence.  20 C.F.R. § 404.1520c(c)(2).  Further, under the new

regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or

inconsistent without providing an explanation supported by substantial evidence."  *Woods v.*

*Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022).

Here, the ALJ found Dr. Yuen's medical opinion lacking in supportability because his

own treatment notes showed no tenderness in Plaintiff's extremity joints, no swelling, normal

range of motion, and normal muscle bulk.  AR 24, 1305.  Plaintiff disputes the ALJ's reliance on

these findings and points out she repeatedly reported joint pain and stiffness, yet the ALJ also

noted Dr. Yuen described Plaintiff's symptoms as "mildly active."  AR 1260, 1277.  Based on

the normal physical examination results from Dr. Yuen himself and Dr. Yuen's observations

about the mild nature of Plaintiff's symptoms, the ALJ could reasonably find Dr. Yuen's

proposed limitations unsupported by his own findings.

ORDER AFFIRMING AND DISMISSING
THE CASE - 5

1    The ALJ also found Dr. Yuen's medical opinion inconsistent with other evidence in the

2    record.  AR 24.  Similar to Dr. Yuen's treatment notes, the records cited by the ALJ show

3    Plaintiff was able to ambulate in her physical examinations, she had full range of motion in all

4    major joints with no tenderness, full strength and tone, and a normal cardiac assessment.  AR

5    701, 897, 1218, 1234.  The ALJ also noted Plaintiff was able to walk for thirty minutes.  AR

6    1247, 1254.  The record shows Plaintiff reported she "felt good" after her walk, and she tolerated

7    it well.  *Id.*  Based on the normal physical findings from other medical sources and Plaintiff's

8    activity, the ALJ could also reasonably reject Dr. Yuen's opinion for its lack of consistency.

9    Plaintiff avers the ALJ's reliance on the objective evidence in her record is erroneous

10   because fibromyalgia focuses on a claimant's subjective reports.  Dkt. 6 at 7.  However, Dr.

11   Yuen's report was based on Plaintiff's lupus, not fibromyalgia.  AR 1569–76.  As discussed in

12   the previous section, the ALJ took into consideration Plaintiff's reported symptoms of joint pain

13   and properly found they were undermined by Plaintiff's own reports of improvement from

14   treatment.  *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022) ("the court . . . err[s] by

15   overlooking the ALJ's full explanation").  In sum, the ALJ has provided at least one valid

16   reason, supported by substantial evidence, to reject Dr. Yuen's medical opinion.  Accordingly,

17   the Court finds the ALJ did not err.

18   ///

19   ///

20   ///

21   ///

22   ///

23   ///

ORDER AFFIRMING AND DISMISSING
THE CASE - 6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 2nd day of August, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER AFFIRMING AND DISMISSING
THE CASE - 7